DA 09-0677

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 158N

RANDALL M. QUAM,

       Plaintiff and Appellant,

  v.

JAMES R. HALVERSON,

       Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighteenth Judicial District,<br>In and For the County of Gallatin, Cause No. DV 09-249B<br>Honorable Mike Salvagni, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Martin R. Studer, Studer Law Offices, Bozeman, Montana

      For Appellee:

          Allan H. Baris, Moore, O'Connell & Refling, P.C., Bozeman, Montana

                  Submitted on Briefs: June 29, 2010

                           Decided: July 20, 2010

Filed:

                    _____
                             Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Randall M. Quam filed suit against James R. Halverson for violating the Uniform Health Care Information Act (in particular, § 50-16-536(1), MCA), Rule 45(b)(1) of the Montana Rules of Civil Procedure, and his constitutional right of privacy. Halverson filed a motion to dismiss under Rule 12(b)(6), and Quam filed a motion for summary judgment. The Eighteenth Judicial District Court, Gallatin County, granted the motion to dismiss and denied the motion for summary judgment.

¶3 The factual basis for Quam's complaint involves a motor vehicle accident with Nancy Sebena in July 2005. Quam alleges that his neck was injured in this accident, and he filed suit against Sebena for damages. Halverson represents Sebena in the accident suit. In January 2009, Halverson issued a subpoena duces tecum "commanding" Dr. John Campbell and Bridger Orthopedic to produce "all of [their] records regarding . . . Quam, including, but not limited to medical records, notes, charts, radiology reports, medical bills, and correspondence." Campbell and Bridger Orthopedic produced the records in accordance with the subpoena.

¶4 Quam contends in the present suit that Halverson violated § 50-16-536(1), MCA, by failing to give him or his counsel ten days written notice of the subpoena prior to its issuance. The District Court dismissed this claim, without prejudice, because Quam had failed to plead in his original complaint or his amended complaint that Halverson sought his healthcare information pursuant to subsections (1)(b), (1)(d), (1)(e), or (1)(j) of § 50-16-535, MCA, which are the provisions that trigger the notice requirement. *See* § 50-16-536(1), MCA.

¶5 Quam further contends that Halverson's issuance of the subpoena violated § 50-16-536(2), MCA, because it lacked the requisite certification. However, because Quam did not allege this violation in his original complaint or his amended complaint, but rather asserted it in his response to Halverson's motion to dismiss, the District Court held that Halverson's compliance or noncompliance with § 50-16-536(2), MCA, was immaterial.

¶6 Next, Quam contends that Halverson violated Rule 45(b)(1) by failing to serve a copy of the subpoena on his counsel prior to its issuance. The District Court dismissed this claim, with prejudice, due to a lack of precedent supporting recognition of an independent cause of action for an alleged violation of the Montana Rules of Civil Procedure, and due to the adequate sanctions and protections available to Quam in the underlying accident suit under M. R. Civ. P. 26(c), 45(c)(1), and 45(c)(3).

¶7 Finally, Quam contends that Halverson's issuance of the subpoena violated his constitutional right to privacy under Article II, Section 10 of the Montana Constitution. Based on *State v. Long*, 216 Mont. 65, 71, 700 P.2d 153, 157 (1985), the District Court

ruled that individuals do not have a cause of action against private citizens who have allegedly violated their right to privacy. Accordingly, because Halverson is a private citizen who was not acting under color of state law at the time he issued the allegedly unlawful subpoena, the court dismissed this claim with prejudice.

¶8     On appeal, Quam challenges the District Court's rulings on various grounds. However, having reviewed the court's Decision and Order and the parties' briefs on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that Quam has failed to demonstrate error in the District Court's decision.

¶9     Affirmed.


                                                    /S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS